IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) AHMAD BISHAWI, ) ) Defendant. ) | Case No. 97-CR-40044-01-MJR |

ORDER REGARDING MOTION TO REDUCE SENTENCE

**REAGAN, District Judge:**

By motion filed May 14, 2008, Defendant Bishawi seeks to reduce his sentence in the above-captioned case under 18 U.S.C. § 3582(c)(2). At that time, the above-captioned action was assigned to Chief Judge David R. Herndon. However, Bishawi currently has a separate motion to vacate sentence pursuant to 28 U.S.C. § 2255 pending before the undersigned District Judge (Case No. 05-0487). As such, this case was transferred to the undersigned District Judge on July 1, 2008, so as to permit a single Judge to evaluate Bishawi's claims. This Order **ADVISES** Defendant Bishawi how his motion will be handled in this District Court.

On December 10, 2007, the United States Supreme Court scrutinized the crack-cocaine-to-powder-cocaine sentencing disparity contained in the U.S. Sentencing Guidelines and held that federal district courts can deviate from the Guidelines in appropriate circumstances. *Kimbrough v. United States*, - U.S. -, 128 S. Ct. 558 **(2007).** On December 11, 2007, the Sentencing Commission decided that the

amendments in question (which *reduce* the base offense level associated with some crack cocaine offenses) would be retroactively applied as of March 3, 2008.

On December 19, 2007, Chief Judge Herndon of this Court issued Administrative Order 102. That Order addressed the amendments to the Guidelines and the motions – like Bishawi's – being filed in the wake of these amendments.

Bishawi's motion has been docketed as "Document # 342." A copy of Administrative Order 102 was mailed to Bishawi by the Clerk's Office of this Court on May 15, 2008. Pursuant to that Order, both the Federal Public Defender's Office and the United States Attorney's Office have been advised of this filing.

Although Administrative Order 102 appointed the Public Defender's Office to represent Defendant Bishawi in any proceedings relating to the motion to reduce sentence, that appointment does not prevent Bishawi from retaining private counsel, including any lawyer who may have represented Bishawi in earlier proceedings in this Court or the Court of Appeals.

Bishawi has filed a motion to direct the Government to respond (Doc. 344). The Court **DENIES** that motion at this time for the following reasons. The pending § 2255 motion should be resolved first, because the Court's ruling on that motion may affect the calculation of Bishawi's underlying sentence, which the motion in the above-captioned action seeks to reduce. A hearing on Bishawi's § 2255 motion is set for September 3, 2008, with an Order to follow soon after.

Additionally, Administrative Order 102 stated that the United States need not respond before March 10, 2008 (suggesting that the United States would file a

response *after* March 10th). The Court now **CLARIFIES** that – at this time – no formal response need be filed by the United States, and no briefing schedule will be set by the Court. The undersigned Judge is carefully monitoring the status of each motion to reduce sentence, including Bishawi's motion. If a formal response is needed, or if a hearing would be helpful, the undersigned Judge will enter a separate Order setting a briefing schedule or hearing.

IT IS SO ORDERED.

DATED this 1st day of July 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge